

OCT 2 4 2014

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### (Alexandria Division)

| | | |
|---|---|---|
| **RONNIE E. SAUNDERS** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No: 1:14CV1404 AJT/JFA |
| v. | ) | |
| | ) | |
| | ) | |
| **EXPERIAN INFORMATION** | ) | |
| **SOLUTIONS, INC.** | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff Ronnie E. Saunders ("Plaintiff"), by and through counsel, brings this Complaint against Defendant Experian Information Solutions, Inc. ("Defendant" "Experian") on the grounds and in the amounts set forth herein:

### Preliminary Statement

1.  Mr. Saunders was victimized by a mortgage broker and title insurance agent as part of a mortgage refinance on his property. Within his three day right of rescission window, Mr. Saunders decided to exercise that option and cancel the refinance on his property. The mortgage broker personally accepted his notice of rescission and assured Mr. Saunders that she had timely sent it to the lender. As it turned out, she defrauded Mr. Saunders and failed to forward the rescission notice thereby allowing the loan to be fully funded. The primary reason that Mr. Saunders decided to do the refinance was to obtain over $200,000.00 in cash back from the refinance that he intended to roll into a different home purchase. When he learned that the additional cash would not be necessary, he immediately cancelled the refinance. Unaware of the rescission, the original lender processed the loan and sent the check to Mr. Saunders. Mr.

Saunders immediately returned the funds to the lender and advised it that he had timely rescinded the loan. The mortgage broker falsely and fraudulently denied that he had ever rescinded the loan and the funds were returned to Mr. Saunders who once again rejected them and sent them back to the closing agent. The mortgage broker and the title company ultimately stole the $200,000, used it for their own benefit and left Mr. Saunders to deal with the problems that they had caused. The title agent was sentenced to prison time, but the broker avoided any prosecution. Unable to unravel this mess, Mr. Saunders filed a fraud suit in Prince William County Circuit Court that resulted in a Plaintiff's verdict against the mortgage broker for fraud and punitive damages. Having prevailed in his suit and proven that his rescission rights had been violated as well as the proceeds stolen, he was confident that he could finally clear his good name and credit reputation with Experian. Mr. Saunders sent in a dispute letter with supporting documentation that proved that he had been defrauded by the mortgage broker and that his rescission notice had not been honored. Rather than correct the trade line on its own, Experian decided to rely upon the ACDV exchange process and then parrot whatever Bank of America said in response. Experian failed to include in the ACDV all the relevant information that Mr. Saunders had provided in his dispute package and consequently Bank of America verified the debt. In response to the initial verification, Mr. Saunders sent Experian a second dispute letter. Experian failed to properly process that dispute, failed to include all relevant information in the ACDV it issued to Bank of America and then proceeded to send back conflicting information to Mr. Saunders. Accordingly, Experian violated the Fair Credit Reporting Act at 15 U.S.C. §1681, and the

Plaintiff requests actual damages punitive damages, statutory damages, attorneys' fees, and costs.

## Parties

2.     Plaintiff Ronnie E. Saunders, (Mr. Saunders or "Plaintiff") is a natural person who owned real property located in Woodbridge, Virginia that was encumbered by a mortgage with Countrywide Home Loans, Inc., who became BAC Home Loans Servicing, LP who later became Bank of America, N.A.  The account related to the property located in Woodbridge, Virginia is the subject matter of the present lawsuit.  Mr. Saunders is a "person" and "consumer" as defined by the FCRA at 15 U.S.C. §1681a(b) and (c) because he is an individual.  Unless otherwise specifically stated herein, the term "Plaintiff" shall refer to Ronnie E. Saunders

3.     Defendant Experian Information Solutions, Inc. (hereinafter "Experian"), is a foreign limited liability company with a principal office address in California. Experian is a consumer reporting agency, as defined in section 1681(f) of the FCRA, regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in section 1681a(d) of the FCRA, to third parties.  Experian regularly conducts these business activities in the Eastern District of Virginia by providing credit reports and other products to consumers and businesses in the Alexandria division of the Eastern District of Virginia.

## Jurisdiction & Venue

4.     This court has jurisdiction pursuant to the Fair Credit Reporting Act ("FCRA") 15 U.S.C. §1681(p).  Venue is proper in this jurisdiction.  Plaintiff resides in

the Alexandria Division of the Eastern District of Virginia and that forum is the forum most convenient for the adjudication of his claims.

## Factual Allegations

5.    Mr. Saunders was involved with a dispute regarding a rescinded home loan mortgage for many years that culminated in a jury trial involving fraud in the procurement of the mortgage on a property in Prince William County, Virginia. In December 2011, Mr. Saunders's case went to trial, and the jury found in favor of Mr. Saunders. As a result of this trial verdict, there was no argument that a mortgage for the property in Prince William was procured by fraud, and therefore the mortgage was void and could no longer be reported on his credit report in the manner reported by the credit reporting agencies. The Final Order for this matter was entered on March 22, 2012.

6.    After the trial was over, Mr. Saunders felt confident that the credit reporting agencies and/or Bank of America would remove the void mortgage account from his credit file because he proved that the mortgage was procured by fraud.

7.    On or about April 26, 2012, Mr. Saunders mailed a dispute letter to Experian requesting them to delete the Bank of America trade line at issue based on the outcome of the trial. Mr. Saunders included a letter that his lawyer had drafted regarding the circumstances of the loan origination, trial, and the result that the jury determined that the loan was procured by fraud in that Mr. Saunders had been denied his TILA recession rights that he had invoked. Mr. Saunders also included a copy of the Final Order from the case. At this point, Experian had everything that it needed to remove the account from Mr. Saunders' credit report if it were to conduct any reasonable investigation into the facts.

8.      Unbeknownst to Mr. Saunders, Experian issued an ACDV to Bank of America dated May 7, 2012 after receiving his dispute letter.  ACDVs (automated consumer dispute verification forms) are internal documents that are in the custody of the credit reporting agencies and furnishers of credit information. Mr. Saunders received a copy of the ACDV that Experian issued to Bank of America less than two years from the date of filing this Complaint.

9.      Given the letter and documents provided by Mr. Saunders, Experian should not have issued an ACDV and instead, it should have simply deleted the account from Mr. Saunders credit report as the underlying case was completed, the lawyer's letter described why the loan should be deleted, and Experian had a copy of the Court's order finding actual fraud in the case.  In the event that Experian deemed it necessary to contact the furnisher through the ACDV exchange, it had a duty to share all relevant information provided to it through the consumer's dispute.  Experian failed to do that and merely provided a one sentence description of the lawyer's two page letter that failed to provide Bank of America with all of the relevant information that Mr. Saunders had provided to Experian.

10.      Bank of America responded to the limited information in the ACDV on May 8, 2012 and merely added a compliance condition code consumer dispute notation to Experian's reporting.  Based upon information and belief, Experian simply parroted the information that Bank of America provided in the ACDV.  Discovery is necessary as to the actions that Experian undertook to investigate the dispute in accordance with its duties under 15 U.S.C. §1681i.

11.     Experian sent a report to Mr. Saunders dated May 7, 2012 (Report #0591-7011-69) which showed the results of its investigation into the Bank of America account at issue in this action in which it said the account "Remains" and shows the amount past due as $91,014.

12.     Based upon information and belief, Equifax deleted the Bank of America account at issue in this action in April 2012 after receiving Mr. Saunders's dispute letter and investigating the account.

13.     Mr. Saunders was at a loss as to what more he could do in order to have the inaccurate Bank of America account removed from his Experian credit report as he had won the jury trial related to the account.  Unlike Equifax, Experian would not assist him in removing the account from his credit report.

14.     On or about June 28, 2013 Mr. Saunders applied for a loan with Bankers Funding Group Inc. to refinance the mortgage on his personal residence located in Woodbridge, VA.  Mr. Saunders obtained a copy of this Equifax Mortgage Solutions credit report and saw that it showed that, according to Experian, he was delinquent on the Bank of America account at issue in this action and was 180 days past due.  This information was inaccurate based upon the jury's verdict, and Experian should not have reported the account because of Mr. Saunders' previous dispute, which included notice of the jury's verdict.

15.     Frustrated that the incorrect mortgage account still had not been removed from his credit report, Mr. Saunders sent a second dispute letter to Experian dated July 2, 2013.  The dispute letter once again detailed the circumstances surrounding the loan, how he won the trial, and that the loan should be removed from his credit report.  Mr.

Saunders also included documents demonstrating that he had won the case as detailed in his letter, and he told Experian that Equifax had already removed the account from his credit file. No reasonable review of this information would lead to any conclusion or result other than that the Bank of America account should be removed from his Experian credit report.

16.     At this juncture, Experian engaged in actions that misrepresented the circumstances surrounding its investigation of the second credit dispute by issuing conflicting and contradictory letters regarding the actions that it undertook. Mr. Saunders only learned the true story of Experian's actions after receiving documents from Experian pursuant to a subpoena in another matter and said documents were only recently obtained.

17.     Initially, Experian sent Mr. Saunders a letter dated July 9, 2013 (Report #2769-69559-14) stating that Experian had already investigated and verified the Bank of America trade line and that it deemed the second dispute letter frivolous or irrelevant in accordance with its rights under the FCRA. However, Experian also sent another report with the same date and report number which indicates that "Other items disputed not displaying" on his current credit report and shows the Bank of America account at issue in this action with a past due balance of $91,014. The only disputed account from the July 3, 2013 dispute letter was the Bank of America trade line, so Experian's second letter made no sense.

18.     On July 12, 2013, Experian sent another conflicting letter to Mr. Saunders indicating that it would not use the documentation in support of his dispute that he provided, but that Experian would contact the furnisher of the information. At this point,

Mr. Saunders was unclear as to what, if anything, Experian had done or was going to do to investigate his dispute. Experian originally claimed that his dispute was frivolous or irrelevant, and then it said it would investigate the dispute. These actions were confusing and contradictory in nature.

19.    On July 24, 2013, Experian sent a letter to Mr. Saunders indicating that it "Updated" the reporting for the Bank of America account. No reasonable investigation would have resulted in updating the account as Experian had all of the documents in its possession to conclusively establish that a jury had already found that the account was procured by fraud. Based upon information and belief, Experian did not contact the courthouse to investigate the court's record, did not contact Mr. Saunders counsel, and did not conduct any independent investigation into Mr. Saunders dispute of the account. Moreover, the results that Experian provided indicated that it did nothing to investigate the credit reporting after receiving the July 2013 dispute as the letter stated the disputed Bank of America trade line "was updated from our processing of your dispute in May 2012." In addition, Experian appears to have added an inaccurate consumer statement that reads, "ASSUMED BY ANOTHER PARTY. NO LONGER MY ACCOUNT." These statements were inaccurate representations of what occurred or are related to any update of the results of the investigation conducted in response to the second credit dispute letter.

20.    Contrary to the misleading disclosures that Experian provided at the time, Mr. Saunders would later learn that Experian sent an ACDV to Bank of America on July 12, 2013. On July 24, 2013, Bank of America responded to the ACDV that the information was accurate as reported. Experian's ACDV failed to comply with the

requirements of the FCRA because it did not communicate all relevant information to Bank of America as the lengthy dispute letter merely stated one aspect of the underlying case involving Bank of America and did not include the final disposition or that Mr. Saunders had won his jury trial.

21.    Mr. Saunders was very upset that, for a second time, Experian had failed to conduct a reasonable investigation into the BANA account despite the fact that Mr. Saunders had sent Experian sufficient information to prove his innocence so that the account should have been removed from his credit file as Equifax had done.

22.    Mr. Saunders continued to have the inaccurate Bank of America trade line publish on his credit report after he made disputes with Experian including to Credit Plus on October 1, 2012, Verizon Communications on December 21, 2012, Kroll Factual Data on January 21, 2014, and Cornerstone Financial on March 31, 2014.

### COUNT I
### Fair Credit Reporting Act
### 15 U.S.C. §1681i

23.    Plaintiff incorporates paragraphs one (1) to twenty-two (22) as if fully stated herein.

24.    Defendant Experian has willfully and/or negligently violated the provisions of the FCRA by willfully and/or negligently failing to comply with its obligations as a credit reporting agency under the FCRA.   Experian is liable to the plaintiff for damages under 15 U.S.C. §1681n and §1681o because it violated 15 U.S.C. §1681i by failing to conduct reasonable investigations into the accuracy of the plaintiff's credit report and failing to communicate all relevant information with regards to the two credit disputes that Experian received regarding the inaccurate Bank of America trade line.

25.    Experian willfully and negligently violated 15 U.S.C §1681i as stated in the factual averments of the Complaint based upon its actions after receiving the first credit dispute letter sent by Mr. Saunders.  In May 2012, Experian failed to conduct any independent investigation of the credit dispute letter that it received from Mr. Saunders. Experian did not consider all the information that Mr. Saunders provided and failed to forward all the relevant information to Bank of America in violation of the statute.  As the ACDV and investigatory actions of Experian are not within Mr. Saunders' knowledge, discovery is necessary as to what actually transpired at Experian after it received the May 2012 dispute letter.

26.    Experian willfully and negligently violated 15 U.S.C §1681i as stated in the factual averments of the Complaint based upon its actions after receiving the second credit dispute letter sent by Mr. Saunders.  In July 2013, Experian failed to conduct any independent investigation of the credit dispute letter that it received from Mr. Saunders. Experian did not consider all the information that Mr. Saunders provided and failed to forward all the relevant information to Bank of America in violation of the statute.  As the ACDV and investigatory actions of Experian are not within Mr. Saunders' knowledge, discovery is necessary as to what transpired.

27.    For the aforementioned reasons, Experian has recklessly disregarded its duties as a credit reporting agency, and the Plaintiff is entitled to punitive damages for this conduct.  Experian recklessly disregarded its FCRA duties to conduct its own independent statutorily required investigation of its data on two separate occasions.  Mr. Saunders provided Experian with everything that it needed to determine that it could not report the Bank of America account on his credit report.  A jury had already determined

that the loan was procured by fraud, and Experian was provided with the court order memorializing the jury's verdict.  Any investigation would have easily confirmed that that the account was procured by fraud and that the detailed dispute letters provided were true.  Experian chose to ignore the information, failed to contact the court or lawyer involved, failed to forward all the relevant information to Bank of America and simply parroted the Bank of America ACDV response.  Only substantial punitive damages will cure Experian's parroting of ACDVs and disregard for the FCRA.

28.    As a result of Experian's actions, Mr. Saunders suffered loss of time dealing with the problem, emotional distress, the loss of the ability to use his credit, and loss of the ability to refinance his home.  Mr. Saunders requests all actual damages, compensatory damages, punitive damages, statutory damages, and costs as a result of Experian's violations of the FCRA.

## COUNT II
### Fair Credit Reporting Act
### 15 U.S.C. §1681e(b)

29.    Plaintiff incorporates paragraphs one (1) to twenty-eight (28) as if fully stated herein.

30.    Defendant Experian has willfully and/or negligently violated the provisions of the FCRA by willfully and/or negligently failing to comply with its obligations as a credit reporting agency under the FCRA.  Experian is liable to the plaintiff for damages under 15 U.S.C. §1681n and §1681o because it violated 15 U.S.C. §1681e(b) by failing to follow reasonable procedures to assure maximum possible accuracy of the plaintiff's credit report.

31. Experian willfully and/or negligently violated the Fair Credit Reporting Act at 15 U.S.C. §1681e(b) by failing to follow reasonable procedures to assure maximum possible accuracy of information reported about Plaintiff. Despite disputes made by the Plaintiff and supporting documentation provided by the Plaintiff wherein said documentation expressly demonstrated that Experian's credit reporting could not continue to report the void Bank of America account on Mr. Saunders credit report, Experian did not provide accurate information when it published Mr. Saunders's credit report. Based upon information and belief, Experian provided an inaccurate credit report to Credit Plus on October 1, 2012, Verizon Communications on December 21, 2012, Kroll Factual Data on January 21, 2014, and Cornerstone Financial on March 31, 2014.

32. Experian's violations of the Fair Credit Reporting Act were a substantial factor in the denial of credit to Mr. Saunders as no reasonable lender would refinance a mortgage for a consumer with any actively defaulted previous mortgage accounts appearing on said consumer's credit file. Mr. Saunders suffered damages including: the denial of credit, loss of time working to restore his credit; loss the use of his good name; emotional distress, and the inability to refinance an existing mortgage on a home.

33. Punitive damages in this matter are also warranted based upon Experian's reckless disregard for maintaining reasonable procedures to assure maximum possible accuracy of the Plaintiff's credit information. Experian has actual knowledge of the problems associated with its system through other lawsuits and consumer disputes, yet it recklessly disregards the requirements of the FCRA to the detriment of all consumers. Only serious and substantial punitive damages will force Experian to alter its conduct.

### Prayer for Relief

Wherefore, the plaintiff prays that the Court award the following relief:

a)    compensatory damages against Experian;

b)    punitive damages based upon Experian's repeated violations of the FCRA;

c)    statutory damages against Experian based upon multiple violations of the

FCRA;

d)    interest, pre-judgment interest, costs and reasonable attorneys' fees

incurred by the Plaintiff;

e)    all other further relief that this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiffs demand trial by jury as to all issues against all defendants.

Respectfully submitted
Ronnie E. Saunders

By: Counsel

A. Hugo Blankingship, III, VSB 26424
Thomas B. Christiano, VSB 43940
Blankingship & Christiano, P.C.
11790 Sunrise Valley Dr., Suite 103
Reston, Virginia 20191
(571) 313-0412
(571) 313-0582